HULL *et al. v.* FEDERAL LAND BANK OF NEW ORLEANS.

(Division B.  Oct. 2, 1939.  Suggestion of Error Overruled Oct. 16, 1939.)

[191 So. 118.  No. 33801.]

R. W. Boydstun, of Louisville, for appellants.

E. M. Livingston, of Louisville, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The sole question presented for decision on this appeal is whether a sale of land is valid when made by a second substituted trustee where the appointment of the first substituted trustee is of record and outstanding at the time of the second appointment, and where the language of the second appointment is silent as to whether the succeeding trustee named therein is appointed in the place of the original trustee or in place of the substituted trustee first appointed.

Default was made in the payment of an indebtedness owing by appellant, H. H. Hull, unto the appellee, The Federal Land Bank of New Orleans, which was secured by a deed of trust on certain lands, and which instrument

provided that the Bank or any holder of the indebtedness was authorized and empowered to appoint another and and succeeding trustee in the place of the trustee therein named, or his successors, if for any reason such trustee named in the instrument, or his successors, shall not be present, able and willing to execute the trust, or if for any reason said holders, etc., should so desire; and further provided that such appointee, shall have as full power as the trustee therein named.

The original trustee named was Barrett Jones. On May 5, 1932, the bank substituted R. W. Boydstun as trustee by a proper instrument of writing duly recorded, and which quoted the provisions of the deed of trust providing for such substitution, and also recited the desire of the Bank in that behalf. On February 8, 1933, the Bank executed and caused to be duly recorded another instrument in the same language as the first substitution, with the exception that it named Neal Prisock as substituted trustee.

The latter instrument, as heretofore suggested, did not expressly stipulate whether Prisock was substituted in the place of Jones or in the place of Boydstun, but we are of the opinion that the language employed in the deed of trust conferred upon the Bank or other holder of the indebtedness the same right to appoint Prisock as a succeeding trustee to Boydstun as it did to appoint Boydstun as substituted trustee in the place of Jones; and that the second appointment had the effect of constituting Prisock the successor to Boydstun as trustee with full power and authority to make the sale in question. The chancellor so held.

Affirmed.